```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,
                                              MEMORANDUM & ORDER
          -against-                           10-CR-0826(JS)

CHARLES REED a/k/a LITTLE CHARLIE,

               Defendant.
----------------------------------------X
APPEARANCES
For the Government:      Nicole Boeckmann, Esq.
                         Charles N. Rose, Esq.
                         United States Attorney's Office
                         610 Federal Plaza
                         Central Islip, NY 11722

For Defendant:           John Frederick Carman, Esq.
                         666 Old Country Road
                         Garden City, NY 11530
```

SEYBERT, District Judge:

On March 14, 2012, the Government filed a letter motion for in limine rulings on the admissibility of certain evidence that the Government intends to offer in its case-in-chief against Defendant Charles Reed. After hearing argument from the Government and counsel for Mr. Reed on March 15, 2012, the Court rendered a decision on the record granting the Government's motion and stated that a short written decision would follow. This Memorandum and Order memorializes the Court's decision rendered on the record on March 15, 2012.

## BACKGROUND

On September 21, 2011, the Grand Jury handed up a superseding indictment charging Mr. Reed with the following:

(1) conspiracy to distribute and possess with intent to distribute 280 grams or more of a substance containing cocaine base and 500 grams or more of a substance containing cocaine in or between January 2003 and June 2008 within the Eastern District of New York and elsewhere under 21 U.S.C. §§ 846, 841(b)(1)(A)(iii), (ii)(II), 18 U.S.C. § 3551 et seq.;

(2) distribution of 28 grams or more of a substance containing cocaine base on or about March 14, 2008 under 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), 18 U.S.C. §§ 2, 3551 et seq.;

(3) distribution of a substance containing cocaine base on or about March 28, 2008 under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. §§ 2, 3551 et seq.;

(4) distribution of 28 grams or more of a substance containing cocaine base on or about April 3, 2008 under 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), 18 U.S.C. §§ 2, 3551 et seq.;

(5) distribution of 28 grams or more of a substance containing cocaine base on or about April 9, 2008 under 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), 18 U.S.C. §§ 2, 3551 et seq.;

(6) distribution of a substance containing cocaine base on or about April 17, 2008 under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. §§ 2, 3551 et seq.;

(7) distribution of a substance containing cocaine base on or about May 2, 2008 under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. §§ 2, 3551 et seq.; and

(8) distribution of a substance containing cocaine base on or about May 8, 2008 under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 18 U.S.C. §§ 2, 3551 et seq.

The trial is scheduled to begin on March 19, 2012.

## DISCUSSION

On March 14, 2012, the Government filed a motion for in limine rulings regarding the admissibility of: (1) evidence

of criminal conduct outside of the charged conspiracy; (2) recorded telephone calls made by Mr. Reed while incarcerated pretrial; and (3) transcripts of prior pleas. The Court will address each in turn.

I. Evidence of Criminal Conduct Outside of the Charged Conspiracy

The Government seeks to offer testimony of alleged co-conspirator Terrence Mason regarding how his conspiratorial relationship with Mr. Reed began. Although the charged conspiracy only covers the period between January 2003 and June 2008, Mr. Mason is expected to testify that his relationship with Mr. Reed began in or around 2001 when he was a street-level dealer. Mr. Reed allegedly was one of the dealers who sold Mr. Mason small quantities of crack cocaine to re-sell on the street.[1] During the period of the charged conspiracy, Mr. Reed and Mr. Mason were competitors; however, at times, when their supplies were low, they would purchase drugs from one another. The Government argues that the pre-conspiracy evidence is admissible and not subject to Federal Rule of Evidence 404(b) because it is intertwined with the evidence regarding the charged offense. The Court agrees.

---

[1] In its letter, the Government also mentions that prior to these purchases in 2001, Mr. Mason became familiar with Mr. Reed as early as 1996 through illegal gambling on dice games. However, at the hearing, the Government clarified that it does not wish to introduce evidence or testimony regarding these dice games at trial.

3

The Second Circuit follows an "'inclusionary' approach to 'other crimes, wrongs, or acts' evidence, under which such evidence is admissible unless it is introduced for the sole purpose of showing the defendant's bad character or unless it is overly prejudicial . . . or not relevant . . . ." United States v. Pascarella, 84 F.3d 61, 69 (2d Cir. 1996) (citations omitted); accord United States v. Inserra, 34 F.3d 83, 89 (1994). The Court finds that the evidence at issue here is admissible. It is being introduced to explain the background of Mr. Mason's relationship with Mr. Reed--not to show Mr. Reed's bad character. See Inserra, 34 F.3d at 89 ("[E]vidence of other bad acts may be admitted to provide the jury with the complete story of the crimes charged by demonstrating the context of certain events relevant to the charged offense."); United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000) ("[E]vidence of uncharged criminal activity is not considered other crimes evidence under Fed. R. Evid. 404(b) . . . if it is necessary to complete the story of the crime on trial." (internal quotation marks and citation omitted)); United States v. Daly, 842 F.2d 1380, 1388 (2d Cir. 1988) ("[T]he trial court may admit evidence that does not directly establish an element of the offense charged, in order to provide background for the events alleged in the indictment."). The evidence is also clearly relevant, as it explains why two competitors would purchase drugs from one

4

another.  Further, given that the relatively small quantities of crack cocaine that Mr. Mason purchased from Mr. Reed prior to the charged conspiracy pale in comparison to the amounts alleged in the superseding indictment, the probative value of the evidence is not substantially outweighed by any potential prejudice.  See United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir. 1990) (evidence not unfairly prejudicial when it "did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged").

Accordingly, the Government's motion is GRANTED:  Mr. Mason may testify about purchasing small quantities of crack cocaine from Mr. Reed from as early as 2001.

## II. Jail Calls

The Government also seeks to introduce three excerpts of consensually recorded telephone calls that Mr. Reed made to a female (either his girlfriend or sister) from jail while he was awaiting trial.[2]  In each of the excerpts, Mr. Reed is relating conversations that he had with co-conspirator Rhamel Stanford. Specifically, Mr. Reed states that he warned Mr. Stanford to "stop calling people" and "keep [his] mouth closed," so that they could "get a shot" and a better plea offer.  Mr. Reed also states that he believes Mr. Stanford was cooperating with the

---

[2] The parties have stipulated to the authenticity of the telephone calls.

5

Government. Defendant argues that the Court should exclude these calls because they are not relevant and because they are overly prejudicial. The Court disagrees. All three of the excerpts tend to show that Mr. Reed and Mr. Stanford were in business together, and, accordingly the Court finds that they are extremely probative and admissible as admissions of a party opponent. See FED. R. EVID. 801(d)(2)(A).

III. Prior Plea Transcripts

Finally, the Government seeks to introduce the minutes of two of Mr. Reed's guilty pleas in the New York State Supreme Court, Bronx County. On March 5, 2008, Mr. Reed pled guilty to Criminal Possession of a Controlled Substance in the Third Degree: he admitted under oath that on November 17, 2005, he possessed cocaine with the intent to sell it. And on May 19, 2008, Mr. Reed pled guilty to Criminal Possession of a Controlled Substance in the Fifth Degree.[3] Here, the crimes to which he pled guilty (and the guilty pleas themselves) occurred during the charged conspiracy and are of the nature of the crimes charged in the conspiracy. Accordingly, they are admissible as direct evidence of the conspiracy itself. See United States v. Thai, 29 F.3d 785, 812 (2d Cir. 1994) ("When the indictment contains a conspiracy charge, uncharged acts may

---

[3] The Court notes that Mr. Reed is referred to as Charles Lee in both transcripts. Charles Lee is his true name, whereas Charles Reed is an alias.

6

be admissible as direct evidence of the conspiracy itself."); United States v. Concepcion, 983 F.2d 369, 392 (1992) ("An act that is alleged to have been done in furtherance of the alleged conspiracy . . . is not an 'other' act within the meaning of Rule 404(b); rather it is part of the very act charged."). However, the Government is ORDERED to redact the portions of the transcript regarding Mr. Reed's sentence and to refer to Mr. Reed solely as Mr. Reed (and not Mr. Lee) during the course of the trial.

## CONCLUSION

For the foregoing reasons, the Government's motion is GRANTED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: March 19, 2012
        Central Islip, NY

7